IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

```
_____
                               )
OTHENTEC, LIMITED, et al.,     )
                               )
        Plaintiffs,            )
                               )
v.                             )     Civil Action No. 06-0186
                               )
JEFFREY PHELAN, et al.,        )
                               )
        Defendants.            )
_____)
```

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiffs' Motion to Strike and Motion to Dismiss, Third-party Defendant Lonny McClung's (McClung) Motion to Strike, Third-party Defendant Ronald Doeve's (Doeve) Motion to Strike and Motion to Dismiss, and Third-party Defendants Jerry Nims (Nims) and Orasee Corp.'s (Orasee) Motion to Strike and Motion to Dismiss. Defendants have filed a single twelve count charge against Plaintiffs and Third-party Defendants titled "Counterclaim and Third-party Complaint." Defendants' Counterclaim and Third-party Complaint alleges fraud (Count 1), legal malpractice (Count 2), common law conspiracy (Count 3), unfair/unjust dismissal (Count 4), tortious interference (Count 5), defamation (Count 6 and Count 7), statutory conspiracy (Count 8), breach of contract (Count 9 and Count 12), and wrongful termination (Count 10). In addition, Defendants request a declaratory judgment (Count 11) that a

certain license agreement allegedly entered into between Plaintiff EC4 Technologies Ltd. (EC4 UK) and Defendant EC4 Technologies Inc. (EC4 US) is valid. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367 (2000).

Third-party Defendant Orasee is a Nevada corporation whose principal place of business is in the State of Georgia. Orasee is a technology and science research firm that has developed proprietary technologies in the area of authentication and anti-counterfeiting (Orasee authentication technology).

Plaintiffs EC4 UK and Othentec, LTD (Othentec UK) are private limited companies incorporated under the laws of the United Kingdom with principal places of business in London, England. EC4 UK is a wholly owned subsidiary of Orasee, and Othentec UK is an approximately ninety-percent owned subsidiary of EC4 UK. In May 2004 Orasee and EC4 UK entered into a license agreement whereby Orasee gave EC4 UK a worldwide exclusive license to develop, market, and sell products containing the Orasee authentication technology (EC4 UK License Agreement). Then in April 2005 EC4 UK and EC4 US allegedly entered into a license agreement whereby EC4 UK gave EC4 US the right to market and sell products containing the Orasee authentication technology in the United States (EC4 US License Agreement).

Plaintiff Othentec, Limited (Othentec US) is a Virginia corporation with a principal place of business in the

Commonwealth of Virginia. Othentec US is a wholly owned subsidiary of Othentec UK, and is authorized by Othentec UK to market and sell products containing the Orasee authentication technology in the United States.

Third-party Defendant Nims is a resident of the State of Georgia. At all relevant times Nims was the CEO of Orasee and controlling shareholder of EC4 UK and Othentec UK. Third-party Defendant McClung is a resident of the State of Arizona. At all relevant times McClung was a Director of Othentec UK and Othentec US. Third-party Defendant Doeve is a resident of the State of Georgia. At all relevant times Doeve was corporate counsel for Orasee, EC4 UK, Othentec UK, and Othentec US.

Defendants Jeffrey Phelan (Phelan) and Mark Martens (Martens) are both residents of the Commonwealth of Virginia. At all relevant times Martens was Vice President of Operations for Othentec US and Phelan was a shareholder, officer, and director of Othentec UK, and an officer and director of Othentec US and EC4 US. Defendant EC4 US is a Delaware corporation with a principal place of business in the Commonwealth of Virginia. Pursuant to the alleged EC4 US License Agreement, EC4 US is authorized to market and sell products containing the Orasee authentication technology in the United States.

As an initial matter, the Court is of the opinion that all counts of Defendants' Counterclaim and Third-party Complaint

should be dismissed as to Third-party Defendants. Federal Rule of Civil Procedure 14(a) provides that a third-party complaint may only be "served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Here, however, Defendants have failed to allege that Third-party Defendants are liable to Defendants for the claims that Plaintiffs have asserted against Defendants.

The Court is also of the opinion that Count 1 through Count 8, and Count 10 of Defendants' Counterclaim and Third-party Complaint should be dismissed as to Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(6). Each of these counts will be discussed in turn.

Count 1 alleges fraud by Nims, Doeve, Orasee, and Plaintiffs. Specifically, Defendants allege that "Nims and Doeve, individually and on behalf of Orasee [and Plaintiffs], misrepresented the validity and value of the intellectual property portfolio to [Defendants]." (Counterclaim and Third-party Complaint ¶ 45.) However, this bare legal conclusion does not satisfy the pleading requirements of Fed. R. Civ. P. 9(a), as Defendants fail to allege any misrepresentation whatsoever between Defendants and Nims, Doeve, Orasee, and Plaintiffs. Fed. R. Civ. P. 9(a) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with

4

particularity."). Therefore, Count 1 should be dismissed pursuant to Fed. R. Civ. P. 9(a).

Count 2 alleges legal malpractice by Doeve. Specifically, Defendants allege that Doeve issued three false opinion letters regarding certain Orasee patents that EC4 US relied upon when entering the EC4 US License Agreement. However, under Virginia law, a claim of legal malpractice must arise out of an attorney-client relationship. Carstensen v. Chrisland Corp., 247 Va. 433, 447 (1994). Defendants have failed to allege an attorney-client relationship between Defendants and Doeve, therefore, Count 2 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Count 3 alleges a conspiracy among Othentec UK, Nims, Doeve, and McClung to remove Phelan as Director of Othentec UK. Under Virginia common law, conspiracy is defined as "two or more persons combined to accomplish, by some concerted action, some criminal or unlawful purpose or some lawful purpose by a criminal or unlawful means." Commercial Bus. Sys., Inc. v. BellSouth Servs., Inc., 249 Va. 39, 48 (1995). However, Defendants fail to allege that Phelan was removed as Director of Othentec UK by criminal or unlawful means. Therefore, Count 3 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Count 4 alleges unfair/unjust dismissal of Phelan as Director of Othentec UK. However, under Virginia law, no such cause of action exists. Therefore, Count 4 should be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6).

Count 5 alleges tortious interference with prospective business advantage of EC4 US. However, under Virginia law the first element in a claim for tortious interference with prospective business advantage is "the existence of a business relationship or expectancy, with a probability of future economic benefit to plaintiff." Glass v. Glass, 228 Va. 39, 51 (1984). Defendants have only alleged discussions and negotiations with prospective business partners, not an actual business relationship or probable business relationship. Therefore, Count 5 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Count 6 alleges defamation of Martens by Orasee, Othentec UK, and Othentec US. Similarly, Count 7 alleges defamation of Phelan by Orasee, Othentec UK, Othentec US, Nims, and Doeve. In both counts, Defendants claim defamation under Virginia common law and statutory law. Under Virginia common law, a claim for defamation requires that the exact defamatory statement be presented in the complaint, Fuste v. Riverside Healthcare Ass'n, Inc., 265 Va. 127, 134 (2003), while a claim for defamation under Virginia statutory law requires that the defamatory statement "tend to violence and breach of peace." Va. Code. Ann. § 8.01-45 (2000). Defendants, however, do not present any defamatory statement, nor do they allege a defamatory statement that "tends to violence and breach of peace." Id. Therefore, Count 6 and

Count 7 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Count 8 alleges a conspiracy between Plaintiffs, Orasee, Nims, and Doeve to injure the business of EC4 US in violation of Va. Code Ann. §§ 18.2-499 to -500 (2004). Under Virginia law, two or more people are required for a conspiracy, and a corporation cannot conspire with its own wholly owned subsidiaries and/or agents. Bowman v. State Bank of Keysville, 229 Va. 534, 541 (1985); see also Warner v. Buck Creek Nursery, Inc., 149 F. Supp. 2d 246, 267 (W.D. Va. 2001). Therefore, the only parties between whom a conspiracy could exist are Othentec UK and Orasee because Othentec UK is only ninety-percent owned by EC4 UK, which is wholly owned by Orasee. However, Defendants' Counterclaim and Third-party Complaint does not allege that Othentec UK specifically conspired with Orasee. Gov't Employees Ins., Co. v. Google, Inc., 330 F. Supp. 2d 701, 706 (E.D. Va. 2004). Therefore, Count 8 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Count 9 alleges that Othentec UK breached its employment agreement with Martens. The Court finds that Count 9 does state a claim upon which relief can be granted. Therefore, Count 9 should not be dismissed.

Count 10 alleges wrongful termination of Martens by Othentec US. However, under Virginia law, no such cause of action exists.

Therefore, Count 10 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Count 11 requests declaratory judgment that the EC4 US License Agreement is Valid, and Count 12 alleges breach of the EC4 US License Agreement by EC4 UK. As neither of these counts are challenged by Plaintiffs, Count 11 and Count 12 of Defendants' Counterclaim and Third-party Complaint should not be dismissed.

An appropriate order shall issue.

                                                      /s/

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 19, 2006